United States District Court
Southern District of Texas
**ENTERED**
March 31, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL SOBOLEWSKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-02415 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| THE PRUDENTIAL LIFE | § | |
| INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION
GRANTING MOTION TO DISMISS**

The motion to dismiss by Defendant The Prudential Insurance Company of America is granted. Dkt 19.

1. Background

This dispute concerns the alleged improper denial of disability payments. At issue are applicable limitations periods established by the subject employee-benefits plan.

Capgemini US LLC previously employed Plaintiff Michael Sobolewski. He suffers from small fiber neuropathy, with symptoms of nerve pain, decreased balance, and difficulty focusing. He alleges that he became fully disabled and stopped working on May 14, 2015. See generally Dkt 1 at 3–7.

Sobolewski applied for long-term disability benefits under a coverage plan between Capgemini and Prudential. Prudential initially approved his claim on November 10, 2015. Dkt 21-3 at 15. But it then terminated his claim on April 25, 2017 after further medical investigation. Id at 4–6. It also denied an appeal by Sobolewski on December 27, 2017. Id at 11.

Sobolewski filed this lawsuit on July 8, 2020. Dkt 1. He claims Prudential improperly terminated payment on a long-term employee-benefits plan under the Employee Retirement Income

Security Act. He brings claims for denial of benefits and breach of fiduciary duty. See 29 USC § 1132(a)(1)(B) and (a)(3)(B). He seeks a declaratory judgment that Prudential is obligated to pay him benefits under the plan and disgorgement of profits.

Prudential filed a motion to dismiss for failure to state a claim. Dkt 19. It seeks dismissal of both claims as untimely. It also seeks dismissal of the claim for breach of fiduciary duty as inappropriately duplicative of the claim for denial of benefits.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker*, 938 F3d at 735. And the court generally "must limit itself to the contents of the pleadings, including attachments

thereto." *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citation omitted). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Ibid (citation omitted). It may also consider "matters of which a court may take judicial notice." *Funk v Stryker Corp*, 631 F3d 777, 783 (5th Cir 2011).

To its motion to dismiss, Prudential attached the subject insurance plan. See Dkt 19-1. To his response, Sobolewski attached the subject summary plan description and the pertinent denial-of-claim letters from Prudential. See Dkts 21-1, 21-3. The parties don't dispute that consideration of these materials is thus appropriate.

### 3. Analysis

Argument by the parties in the main concerns whether Sobolewski's claims for denial of benefits and breach of fiduciary duty are untimely. Prudential also asserts that the latter claim must be dismissed as duplicative of the former.

#### a. Denial of benefits

Prudential asserts that the limitations period established by the subject employee-benefits plan bars the denial-of-benefits claim. Dkt 19 at 6–9.

ERISA doesn't establish a statute of limitations for claims to recover benefits. An analogous state statute of limitations ordinarily fills this gap. For example, see *Hall v National Gypsum Co*, 105 F3d 225, 230 (5th Cir 1997). But in the absence of a controlling statute to the contrary, "a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Faciane v Sun Life Assurance Co of Canada*, 931 F3d 412, 417 (5th Cir 2019), quoting *Heimeshoff v Hartford Life & Accident Insurance Co*, 571 US 99, 105–06 (2013). "Employers have large leeway to design disability and other welfare plans as they see fit." *Sternberg v Metlife Insurance Co*, 2019 WL 4142875, *2 (SD Tex), quoting *Heimeshoff*, 571 US at 108. And so the general rule is that a court should enforce such an agreement as written "unless the limitations period is

unreasonably short or foreclosed by ERISA." *Pfifer v Sedgwick Claims Management Services Inc*, 414 F Supp 3d 1024, 1033–34 (SD Tex 2019), quoting *Heimeshoff*, 571 US at 115.

The subject plan contains an elimination period of 180 days. It defines *elimination period* to mean "a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential." Dkt 19-1 at 35. And it requires the claimant to send Prudential "written proof of your claim no later than 90 days after your elimination period ends." Id at 31. The plan also states the time period within which to initiate a legal proceeding, providing that the claimant "can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law." Id at 33.

Prudential argues that Sobolewski's claim for denial of benefits is untimely because he failed to file his lawsuit within three years from the date that proof of his claim was due. See Dkt 19 at 6–8. It shows that Sobolewski became disabled on May 14, 2015, and so the elimination period began then. Proof of claim was thus due 270 days later, by February 8, 2016. And Sobolewski was required to file his lawsuit within three years of that date—being February 8, 2019. But Sobolewski didn't file the instant complaint until July 8, 2020, making the claim untimely.

Sobolewski doesn't dispute the factual basis of Prudential's argument. He instead offers four legal rationales to justify the timeliness of his claim notwithstanding these facts. None are persuasive.

      i.    Applicability of plan's limitations period

Sobolewski argues that the three-year limitations period stated in the plan doesn't apply because it is contained in the certificate of insurance provided by Prudential and not in the plan summary provided by Capgemini. Dkt 21 at 1–2. This is contrary to the cited documents. The plan summary expressly incorporates the limitations period of the certificate of insurance. Compare Dkt 21-1 at 3 (plan summary), with Dkt 19-1 at 31, 33 (certificate of insurance). The limitations period enforced by the Supreme Court in *Heimeshoff* was likewise contained in the insurer's policy. 571 US at 104. And referring to the policy here

4

in fact benefits Sobolewski, as he acknowledges that the plan summary itself states a one-year limitations period. Dkt 21 at 2.

### ii. Interpretation of plan's limitations period

Sobolewski argues that the phrase "from the time proof of claim is required" has a meaning different than the one ascribed by Prudential. Prudential asserts that the date on which proof of claim is due is "fixed" by the terms of the plan and "does not change due to subsequent events such as the granting of benefits for any certain period." Dkt 19 at 6, citing Dkt 19-1 at 31, 33. Sobolewski argues that a fixed date might perhaps make sense if the claim were for a *finite* duration. But his claim was for *long-term* disability benefits. The plan thus entitled Prudential to periodically ask for "proof of continuing disability" to ensure that he remained disabled. Dkt 21 at 3, quoting Dkt 19-1 at 31. This means, Sobolewski says, that the proper *time* for the *proof of claim* is determined relative to when the claim is terminated.

Sobolewski asserts that the limitations period is measured as follows. Prudential approved his claim on November 11, 2015, but later terminated it on April 25, 2017 after further medical investigation. Dkt 21-3 at 15, 4. And it denied his appeal on December 27, 2017. Id at 11. According to that letter, Sobolewski was entitled to file an optional second appeal within 180 days, or June 25, 2018. For Sobolewski, this day is the *time* for the *proof of claim*. So the plan required him to file his lawsuit before June 25, 2021, which he did. See Dkt 21 at 2–4.

A problem with the argument is that a limitations period keyed to the proof of claim appears to be a common practice in the insurance industry. Several district courts in the Southern District of Texas have addressed limitations provisions with similar concepts. For example, see *Pfifer*, 414 F Supp 3d at 1029–30. And at least one involved the sequencing and timing of limitations intervals in a manner identical to that at issue here. *Sternberg*, 2019 WL 4142875 at *1–2. These decisions persuasively reject the creative argument asserted by Sobolewski.

"The time proof of claim is required" unambiguously means the date upon which proof of the initial claim for benefits is required. Here, that was February 8, 2016. Sobolewski thus had until February 8, 2019 to file a lawsuit. And nothing in

Prudential's letter denying his appeal (which isn't part of the contract anyway) changes this. To the contrary, it expressly provides that the second appeal is "voluntary" and that his "decision on whether to file a second appeal will not affect your rights to sue under ERISA." Dkt 21-3 at 41.

### iii. Equitable tolling

Sobolewski argues that equitable tolling is appropriate and saves his claim. He notes that Prudential argues that the three-year limitations period began on February 8, 2016 but notes also that Prudential didn't terminate his claim until April 25, 2017. And so he argues that he was unable to discern injury during that period of time. Further, during the period of time when his appeal was pending—being from April 25, 2017 to December 27, 2017—he was prohibited by ERISA from filing a lawsuit because that statute requires him to first exhaust administrative remedies. See Dkt 21 at 4–5.

The Supreme Court in *Heimeshoff* held that whether the limitations period provided by an ERISA plan may be equitably tolled is matter of federal law. 571 US at 116. And it observed that equitable tolling "may apply" to toll contractual limitations periods, but only to "the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances." Id at 114, citing *Irwin v Department of Veterans Affairs*, 498 US 89, 95 (1990). Likewise, general equitable-tolling principles in the Fifth Circuit hold that the plaintiff must show both that he diligently pursued his legal rights and that extraordinary circumstances prevented his timely filing the pertinent complaint. See *Harris v Boyd Tunica, Inc*, 628 F3d 237, 239 (5th Cir 2010), citing *Irwin*, 498 US at 96 & nn 3–4. Such tolling under federal law is to be applied "sparingly." *Granger v Aaron's, Inc*, 636 F3d 708, 712 (5th Cir 2011), quoting *National Railroad Passenger Corp v Morgan*, 536 US 101, 113 (2002).

In *Wilson v Standard Insurance Co*, the Eleventh Circuit fully explained why circumstances like those here fail to support the application of equitable tolling. 613 F Appx 841 (11th Cir 2015, *per curiam*). The insurance policy at issue there also provided for a three-year limitations period. The defendant insurance company

6

denied the plaintiff's claim for disability benefits, and the plaintiff failed to timely file a lawsuit challenging the claim denial. The plaintiff sought equitable tolling, arguing that she didn't know the policy included such a limit and that the claim would have been timely under the standard six-year limitations period for contract claims. Id at 842–44. The Eleventh Circuit affirmed decision by the district court declining to toll the contractual limitations period, reasoning that the plaintiff hadn't diligently pursued enforcement of her legal rights. When the insurance company denied her claim, it informed her of her right to bring a lawsuit and to request any pertinent policy documents to help her understand her rights to challenge the benefits determination. The plaintiff at that point still had roughly two years to file suit. This meant that the lawsuit "easily could have been timely filed if she had exercised even minimal diligence in discovering the terms of the policy." Id at 845–46. The Eleventh Circuit thus held that nothing in those facts showed the type of extraordinary circumstances that warrant equitable tolling. Id at 844–45.

So, too, here. Prudential sent the letter denying Sobolewski's appeal on December 27, 2017. That letter clearly explained that he was entitled to bring a lawsuit challenging the determination. Dkt 21-3 at 41. From that time, he had until April 25, 2019 to file—nearly seventeen months. Sobolewski focuses argument on why his contractual deadline should be extended on the back end of the limitations period. By contrast, a proper assertion of equitable tolling would explain his diligence in the pursuit of rights and extraordinary circumstances that prevented his timely compliance. For example, see *Pfifer*, 414 F Supp 3d at 1034. He provides neither, thus failing to show entitlement to equitable tolling.

                iv.    Statute of limitations under Texas law

Sobolewski last argues for application of the four-year statute of limitations provided in Texas for breach-of-contract claims. See Dkt 21 at 5–6, citing Tex Civ Prac & Rem Code § 16.051. But the state statute fills the gap left by ERISA only where the subject plan doesn't provide an enforceable limitations period. *Heimeshoff*, 571 US at 116. And the employee-benefits plan here did so.

The claim for denial of benefits is untimely pursuant to the stated limitations period of the employee-benefits plan. The claim must be dismissed.

### b.  Breach of fiduciary duty

Prudential argues that the claim by Sobolewski for breach of fiduciary duty is likewise untimely. It also asserts that the claim fails as improperly duplicative of his denial-of-benefits claim. See Dkt 19 at 7–13.

#### i.  Timeliness of claim

ERISA provides that a plaintiff must file a claim for breach of fiduciary duty within three years of having "actual knowledge" of the breach. 29 USC § 1113(2). *Actual knowledge* in this regard means "actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts, knowledge of a transaction's harmful consequences, or even actual harm." *Maher v Strachan Shipping Co*, 68 F3d 951, 954 (5th Cir 1995), quoting *Gluck v Unisys Corp*, 960 F2d 1168, 1177 (3d Cir 1992).

Prudential argues that Sobolewski had actual knowledge of his potential claim on the date that it denied his claim, being April 25, 2017. Three years from that date is April 25, 2020, which is approximately seventy-five days before Sobolewski actually brought suit. This means that the claim is time-barred, says Prudential. Dkt 19 at 7–8. Sobolewski argues to the contrary that he didn't have actual knowledge until Prudential denied his appeal. Dkt 21 at 6–7.

"An ERISA cause of action accrues when a request for benefits is denied." *Hogan v Kraft Foods*, 969 F2d 142, 145 (5th Cir 1992) (citations omitted). Many district courts thus recognize that the denial of a claim establishes actual knowledge. For example, see *Harmon v Bayer Business*, 2016 WL 397684, *8–9 (SD Tex); *Barrilleaux v Hartford Life and Accident Insurance Co*, 2014 WL 4084799, *2–3 (ED La); *Simon v Telsco Industries Employee Benefit Plan*, 2002 WL 628656, *1–2 (ND Tex). In its letter of April 25, 2017, Prudential squarely denied the claim by Sobolewski and provided explanation of its reasons for doing so. See Dkt 21-3 at 4–9. Sobolewski at that point had *actual knowledge* of the material facts necessary to understand that Prudential might have

8

violated his rights as provided by ERISA and the plan. True, the appeal-denial letter on December 27, 2017 provided more detail about the reasons for denial. See Dkt 21-3 at 11–41. But the subsequent letter giving *further* notice in no way means that the first letter gave *insufficient* notice. Indeed, the Fifth Circuit in *Babcock v Hartmax Corp* found actual knowledge conferred where the claimant three times demanded payment on a life insurance policy and the company didn't respond. 182 F3d 336, 339–40 (5th Cir 1999). Far more information was provided here.

The claim for breach of fiduciary duty is untimely pursuant to the stated limitations period within ERISA. The claim must be dismissed.

### ii. Duplication of claim

Prudential argues that ERISA precludes Sobolewski from asserting a duplicative claim styled as breach of fiduciary duty where his claim for denial of benefits provides an adequate remedy. See Dkt 19 at 9–13. Sobolewski briefly asserts only that the claim isn't duplicative "because it provides different remedies," including attorney fees and disgorgement of profits "for misapplying, misinterpreting and misrepresenting the Policy and similar Policies on a company-wide basis." Dkt 21 at 7, citing *Gabriel v Alaska Electrical Pension Fund*, 773 F3d 945 (9th Cir 2014).

ERISA authorizes several types of claims. Sobolewski proceeds under 29 USC § 1132(a)(1)(B) as to his denial-of-benefits claim. This provision states that a plaintiff may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The Fifth Circuit holds that this section provides a remedy for asserted violations related to "the interpretation of plan documents and payment of claims." *Manuel v Turner Industries Group, LLC*, 905 F3d 859, 864 (5th Cir 2018), quoting *Varity Corp v Howe*, 516 US 489, 512 (1996). It is, in fact, a "direct mechanism" to address injuries of that sort, whether the underlying cause of action is denial of benefits or breach of fiduciary duty. *Swenson v United of Omaha Life Insurance Co*, 876 F3d 809, 812 (5th Cir 2017), citing *Tolson v Avondale Industries, Inc*, 141 F3d 604, 610 (5th Cir 1998).

9

Sobolewski proceeds under 29 USC § 1132(a)(3)(B) as to his claim for breach of fiduciary duty, which states that a plaintiff may bring a civil action to "obtain other appropriate equitable relief." The Supreme Court deems this subsection to be a "catchall" provision, "offering appropriate equitable relief for injuries caused by violations" that ERISA doesn't "elsewhere adequately remedy." *Varity*, 516 US at 512; see also *Innova Hospital San Antonio Limited Partnership v Blue Cross & Blue Shield of Georgia*, 892 F3d 719, 733–34 (5th Cir 2018). The Fifth Circuit instructs district courts to dismiss claims under this catchall provision where an adequate remedy is provided elsewhere. See *Manuel*, 905 F3d at 865–66, citing *Innova Hospital*, 892 F3d at 733.

Whether the claim under the catchall provision of subsection (a)(3)(B) must be dismissed thus requires consideration of the alleged injury and the corresponding remedies provided by subsection (a)(1)(B) for that injury. See *Innova Hospital*, 892 F3d at 733. The substance of Sobolewski's alleged injury is that Prudential improperly terminated his claim and denied him benefits. The Supreme Court clearly holds that subsection (a)(1)(B) provides an adequate remedy for "breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims." *Varity*, 516 US at 512; see also *Swenson*, 876 F3d at 812. By contrast, it characterizes subsection (a)(3)(B) as having "provided yet other remedies for yet other breaches of other sorts of fiduciary obligation." *Varity*, 516 US at 512.

That's binding precedent. And beyond it, Sobolewski doesn't distinguish in his complaint between allegations that support his claims for denial of benefits and breach of fiduciary duty. He simply lists various alleged wrongdoings—for example, hiring doctors with conflicts of interest—and concludes that they constitute violations of both (a)(1)(B) and (a)(3)(B). Dkt 1 at 1, 11. He fails to identify a separate injury to be remedied.

In short, the only legal injury alleged pertains to alleged misinterpretation of the employee-benefits plan by Prudential when determining that Sobolewski wasn't eligible for long-term disability benefits. As such, the claim for breach of fiduciary duty must also be dismissed as duplicative.

4. Opportunity to replead

A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit has long held that this evinces a bias in favor of granting leave to amend. See *Dussouy v Gulf Coast Investment Corp*, 660 F2d 594, 597(5th Cir 1981); *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006). But whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012), quoting *Wimm v Jack Eckerd Corp*, 3 F3d 137, 139 (5th Cir 1993). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

The live document is only the original complaint by Sobolewski. These pleading defects very likely can't be cured on repleading. Even so, dismissal will be without prejudice. Sobolewski may seek leave to replead his claims, subject to the dictates of Rule 11(b).

5. Conclusion

The motion to dismiss by Defendant Prudential Insurance Company of America is GRANTED. Dkt 19.

The claims by Plaintiff Michael Sobolewski are DISMISSED WITHOUT PREJUDICE.

Sobolewski may seek leave to amend by April 23, 2021.

SO ORDERED.

Signed on March 31, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge